IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENYATTA T. JAMES, | ) | 8:11CV185 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| v. | ) | **REVIEW PURSUANT TO 28** |
| | ) | **U.S.C. § 1915(e)(2)** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

On May 23, 2011, Kenyatta T. James, the plaintiff, a prisoner currently confined in Wheelwright, Kentucky, filed his complaint against the United States (filing no. 1.) and on August 2, 2011, I gave him leave to proceed in forma pauperis. (Filing No. 9.) On an initial review of James' complaint I find that under 28 U.S.C. § 1915(e)(2) the complaint fails to state a claim upon which relief may be granted and for failure to pay the full amount of the court-assessed initial partial filing fee.

**I.     BACKGROUND**

Kenyatta T. James ("James"), a prisoner currently confined in Wheelwright, Kentucky, filed his complaint against the United States (filing no. 1 at CM/ECF p. 1.) and I granted his Application to Proceed in District Court Without Prepaying Fees or Costs . (Filing Nos. 6 and 9.) In granting James' IFP motion, I ordered James to pay an initial partial filing fee of $215.45 by August 31, 2011. (Filing No. 9.) The initial partial filing fee is calculated by using James' institutional trust account statement, which showed an average monthly account balance of $1,077.29.[1]  On

---

[1] James' trust account statement also showed that he had average deposits of $17.00 for the six months preceding the filing of his complaint. (Filing No. 8.) However, pursuant to 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing

September 6, 2011, James filed a Motion for Enlargement of Time to pay the initial partial filing fee. (Filing No. 10.) I granted this motion and gave James until October 31, 2011, to pay the initial partial filing fee. (Filing No. 11.) On October 7, 2011, James paid an initial partial filing fee of only $3.20, or $212.25 less than the court-assessed initial partial filing fee. (*See* Docket Sheet; Filing No. 9.)

Pursuant to 28 U.S.C. § 1915(b)(1) and *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000), James was required to pay the full amount of the court-ordered initial partial filing fee. I gave James until November 25, 2011, to show cause for his failure to pay the full amount. (Filing No. 14.) In my Memorandum and Show Cause Order I instructed James that if he elected to show cause, he needed to submit copies of relevant consent forms or an affidavit detailing his compliance with my August 2, 2011, memorandum and order. On November 28, 2011, James responded to the show cause order. (Filing No. 15.)

**II.   PLAINTIFF'S SHOW CAUSE RESPONSE**

In his response, James asserts that his failure to pay the full amount of the initial partial filing fee was the result of withdrawal on his account relating to postage fees from his prior facility, Kentucky State Reformatory. (Filing No. 15.) He also argues that the staff at his current correctional facility are responsible for the failure. (*Id*.)

Absent from James' response is a copy of the relevant consent form authorizing correctional facility staff members to withdraw money from his trust account or any discussion of his efforts to comply with my August 2, 2011, memorandum and order. (*Id*.) Although James has attached grievance forms that relate to deductions from his trust account, these grievance forms do not inform me why James paid only $3.20 of

---

of the complaint.

the $215.45 court-assessed initial partial filing fee on October 7, 2011. (*Id*. at CM/ECF pp. 7-9.) Indeed, James' trust account statement indicates that he had $18.40 in his account at the time he paid the initial partial filing fee. (Filing No. 16 at CM/ECF p. 5.)

As discussed in my show cause order, James was required to ensure that any available portion of the initial fee was withdrawn from his account and transmitted to the district court. *See Hatchet*, 201 F.3d at 653. He failed to do so. In light of this, I find that James has not shown good cause for his failure to pay the full amount of the court-assessed initial partial filing fee. For this reason, and the reasons discussed below, James' complaint will be dismissed.

### III. SUMMARY OF COMPLAINT

Even if James had shown good cause for his failure to pay the full amount of the initial partial filing fee, an initial review of his complaint reveals that it fails to state a claim upon which relief may be granted. Condensed and summarized, James alleges that on February 2, 2008, a Kearney, Nebraska, state trooper pulled him over because he did not have a license plate on his rental car. (Filing No. 1 at CM/ECF pp. 2-3.) During the stop, the trooper conducted "a NCIC check" to see if James had any outstanding warrants. (*Id*.) This check revealed that James was driving with a suspended license. (*Id*. at CM/ECF p. 3.) The trooper detained James and searched and seized $40,000.00 in cash from the vehicle. (*Id*. at CM/ECF pp. 1-5.) The vehicle was impounded and James was taken to the Kearney State Patrol Office. (*Id*. at CM/ECF p. 3.)

James later paid a fine for operating a vehicle on a suspended license and was released. (*Id*.) James asserts that the $40,000.00 was not returned to him nor turned over to "state or Federal authorities." (*Id*.) James also asserts that the money was not produced from criminal activity, but was the result of a legitimate business venture,

Dixie Express Detailers LLC of Louisville, Kentucky. (*Id*. at CM/ECF pp. 4-6.) James asks me to issue a writ of replevin and order the return of his $40,000.00. (*Id*. at CM/ECF p. 6.)

## IV. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## V. DISCUSSION OF CLAIMS

Liberally construed, James asserts a conversion action seeking replevin of $40,000.00 from the United States. However, "[r]eplevin is an action for possession only and does not properly lie against one who is not, at the time of the

commencement of the action, in possession of any of the property sought to be recovered." *Arcadia State Bank v. Nelson*, 386 N.W.2d 451, 455 (Neb. 1986). James does not allege that the United States actually or constructively possessed the $40,000.00. Indeed, James specifically alleges that the funds were not turned over to "state or Federal authorities." (Filing No. 1 at CM/ECF p. 3.) Consequently, James has failed to allege facts sufficient to state a replevin claim against the United States.[2]

Although James has failed to allege a claim against the United States upon which relief may be granted, he may have a state law conversion claim against the Nebraska state trooper who allegedly confiscated the $40,000.00 or another party who may be in possession of it. Thus, I will dismiss James' complaint without prejudice to reassertion against a proper defendant in the proper forum.

IT IS THEREFORE ORDERED that:

1. Kenyatta T. James' Complaint (filing no. 1) is dismissed without prejudice for James' failure to comply with my orders and for failure to state a claim upon which relief may be granted.

---

[2]Because James' action sounds in tort, the Federal Tort Claims Act ("FTCA") applies. *See Mac'Avoy v. The Smithsonian Inst.*, 757 F. Supp. 60, 67-68 (D.D.C. 1991) (FTCA requirements apply to replevin action against federal agency); *Totaro v. Lyons*, 498 F. Supp. 621, 627-28 (D. Md. 1980) (same). There is no indication that James complied with the FTCA's requirements. *See* 28 U.S.C. §§ 1346(b), 2671-2680. However, I need not address this issue because James has failed to allege that the United States possessed the $40,000.00.

5

2. A separate judgment will be entered in accordance with this memorandum and order.

Dated December 14, 2011.

>BY THE COURT
>
>s/ Warren K. Urbom
>United States Senior District Judge